IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re*: § | | |
| § | | |
| **LHB REAL ESTATE, L.L.C,** § | Case No. 11-10282-hcm | |
| § | (Chapter 11) | |
| *Debtor* § | | |

_____

| | | |
|---|---|---|
| *In re*: § | | |
| § | | |
| **BASTROP BLACKHAWK, LLC,** § | Case No. 11-10273-hcm | |
| f/d/b/a Lakeside Hospital at Bastrop, § | | |
| Lakeside Family Health Center of Bastrop, § | | |
| Lakeside Regional Medical Center and § | | |
| Lakeside Medical Center, § | | |
| § | (Chapter 11) | |
| *Debtor* § | | |

## MOTION FOR JOINT ADMINISTRATION OF ESTATES

TO THE HONORABLE CHRISTOPHER H. MOTT, U. S. BANKRUPTCY JUDGE:

NOW COME LHB REAL ESTATE, L.L.C., the Debtor in Possession in the first above-styled Chapter 11 proceeding pending in this Court ("Debtor LHBRE"), and BASTROP BLACKHAWK, LLC, the Debtor in Possession in the second above-styled Chapter 11 proceeding pending in this Court ("Debtor Bastrop Blackhawk), and jointly file this motion for the joint administration of the estates of these Debtors and for joint administration of the two Chapter 11 cases, pursuant to Rule 1015(b), Federal Rule of Bankruptcy Procedure. In support of such requested relief, the Debtors LHBRE and Bastrop Blackhawk would respectfully show the Court the following:

1. Each of the above-styled Chapter 11 proceedings was commenced by voluntary petition filed on February 1, 2011 (the "Petition Date"). At this time, both of the Debtors continue to

operate their respective businesses and to manage their respective assets as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Each such Debtor has all of the rights, duties and powers of a trustee under § 1106 of the Bankruptcy Code, except as limited by 11 U.S.C. § 1107(a).

2. This Motion is being filed substantially contemporaneously with the Voluntary Petition, and is a recognized "First Day Motion" under the Court's Standing Order on First Day Motions in Chapter 11 Cases, signed May 3, 2001.

3. Each of the Debtors is a Texas limited liability company. Debtor Bastrop Blackhawk is the "Manager" and "managing member" of Debtor LHBRE, as those terms are used in the Company Agreement of Debtor LHBRE, which Agreement is the corporate governance document for Debtor LHBRE. Although Debtor Bastrop Blackhawk is shown in the Company Agreement as owning only an initial ten percent (10%) of the equity interests in Debtor LHBRE, the Company Agreement also provides that as Manager, Bastrop Blackhawk's voting rights in LHBRE "shall be counted as thirty percent (30%) of the vote of all Members." [LHBRE Company Agreement, at page 3]. In addition, Debtor Bastrop Blackhawk is the lessee under a lease of the real property owned by Debtor LHBRE, the purpose of which was to operate a health care facility on such real property. Prior to the commencement of these proceedings, Debtor Bastrop Blackhawk ceased operations as a health care facility but such lease has not been terminated.

4. Debtor Bastrop Blackhawk, which filed its Voluntary Petition first, signed the Voluntary Petition on behalf of Debtor LHBRE in Case No. 11-10282.

5. Rule 1015(b), Federal Rule of Bankruptcy Procedure, provides in pertinent part that if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates.

6. Debtor Bastrop Blackhawk is an "affiliate" of Debtor LHBRE, and Debtor LHBRE is an "affiliate" of Debtor Bastrop Blackhawk, as that term is defined in 11 U.S.C. §101(2).

7. Both Debtors submit that a joint administration of their bankruptcy estates would be in the best interests of all parties concerned, including both the Debtors and their respective creditor bodies, and would be more efficient and cost-effective for all parties concerned. Both Debtors urge the Court to order that the estates of Debtor LHBRE and Debtor Bastrop Blackhawk be jointly administered in this Court under a single case number, with such provisions and restrictions as the Court may deem appropriate under the circumstances of the case, having due regard for "protecting creditors of different estates against potential conflicts of interest", as required by Rule 1015(b), cited above.

WHEREFORE, PREMISES CONSIDERED, Debtor LHBRE and Debtor Bastrop Blackhawk pray that the Court enter an order providing for the joint administration of the Debtors' estates and of these two bankruptcy cases in this Court, with such provisions and restrictions as the Court may deem appropriate under the circumstances of the case

   /s/ Weldon Ponder
B. WELDON PONDER, JR., Attorney at Law
State Bar of Texas No. 16110400
Building 3, Suite 200
4601 Spicewood Springs Road
Austin, Texas 78759-7841
Phone (512) 342-8222 / Fax (512) 342-8444
e-mail address: welpon@austin.rr.com

ATTORNEY FOR DEBTOR IN POSSESSION,
LHB REAL ESTATE, L.L.C. AND FOR DEBTOR IN
POSSESSION BASTROP BLACKHAWK, LLC

## **CERTIFICATE OF SERVICE**

      I, B. Weldon Ponder, Jr., the attorney for the Debtors in Possession, hereby certify that on the 2nd day of February, 2011, a true and correct copy of the foregoing Motion for Joint Administration of Estates was served upon the United States Trustee, 903 San Jacinto Street, Suite 230, Austin, Texas 78701, by e-mail transmission to Valerie.L.Wenger@usdoj.gov and to Deborah.A.Bynum@usdoj.gov . I further certify that on the same date, copies of such motion were served upon the United States Trustee through the Court's CM/ECF electronic noticing system.

      I further certify that on the same date, a true and correct copy of the foregoing Motion was served via electronic mail on Bryan J. Wells and Jared D. Giddens of Conner & Winters, LLP, counsel for the principal secured creditor in both cases, Stillwater National Bank & Trust Company, by e-mail transmission to bwells@cwlaw.com and to jgiddens@cwlaw.com .

      I further certify that as soon as I have obtained a hearing date and time from the Court for the hearing on this Motion, I will serve copies of this Motion upon all other parties entitled to notice under the local rules of this Court, and that I will serve all such parties with notice of the time, date and place of such hearing, and that promptly thereafter I will file an Amended Certificate of Service to identify the parties served and the means by which they were served.

                                    /s/ Weldon Ponder
                                    B. Weldon Ponder, Jr.