UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| *In re*: | § | Case No. 11-10273-hcm |
| BASTROP BLACKHAWK, LLC, | § | Chapter 11 |
| | § | |
| *In re*: | § | Case No. 11-10282-hcm |
| LHB REAL ESTATE, L.L.C, | § | Chapter 11 |
| *Debtors* | § | |
| | § Jointly Administered Under | |
| | § Case No. 11-10273 | |

## OBJECTION TO WAIVER OF PATIENT CARE OMBUDSMAN

COMES NOW Judy A. Robbins, United States Trustee for Region 7 ("UST") and files this her *Objection to Waiver of Patient Care Ombudsman* and in support thereof would respectfully show as follows:

1.  On March 1, 2011, Debtor Bastrop Blackhawk attended the Initial Debtor Conference with the UST. Debtor was requested to provide certain documentation and witness to discuss the status of Debtor's business and ongoing plans.

2.  At that meeting, the UST discovered that Debtor could not answer what had happened to any pharmaceuticals that were located at the hospital. Current ownership and Debtor representatives apparently did not participate in the shut down of the hospital and did not manage or supervise any processes that were taken to secure or otherwise dispose of medical or hazardous substances. Patient records were not being safeguarded by Debtor, but held by other parties, after the closure of the hospital. Debtor representatives indicated that certain patient records were now secured in a storage unit and Debtor's Motion to Waive indicates that others are at the hospital, but it is not certain whether this includes all the records or only a portion. Debtor has not filed schedules or statement of financial affairs that provide additional information on the history or status of these items.

1

3. 11 U.S.C. § 333 requires the appointment of a patient care ombudsman to represent the interests of the patients of a health care facility. Debtor did not perform this obligation after the hospital was shut down. Debtor has stated that a receiver was appointed or in place at the request of the secured creditor(s) to handle these matters. A patient care ombudsman should be appointed to report to the Court and the UST as to the status of patient records and the process of meeting the requirements of § 351.

4. Disposing of or holding the types of materials typically found in a hospital requires licenses, permits, and is highly regulated. Debtor did not participate in that process with respect to its assets based on what Debtor representatives said at the IDC. In addition, they could not answer what had happened and what remained to be done to secure and safeguard any remaining items. An ombudsman should be appointed with sufficient expertise and authority to properly account for past transfers and properly hold and dispose of any future responsibilities and report on the progress to the Court and the UST.

5. Since Debtor has failed to provide information regarding its financial situation and would be obligated to provide funds to pay an ombudsman, Debtor should be required to disclose information sufficient to support employment of any appointed ombudsman with enough adequate assurance that funding will be sufficient going forward.

WHEREFORE, PREMISES CONSIDERED, the UST prays that the Court order appointment of a patient care ombudsman and for Debtor to provide adequate assurance of

funding in the future and for such further and other relief as is just.

>Respectfully submitted,
>JUDY A. ROBBINS
>UNITED STATES TRUSTEE
>
>By: */s/ Deborah A. Bynum*
>    Deborah A. Bynum
>    Trial Attorney
>    SBT No. 03556250
>    903 San Jacinto Blvd., Room 230
>    Austin, Texas 78701
>    Phone: (512) 916-5328 / Fax: 16-5331
>    Deborah.A.Bynum@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a true and correct copy of the foregoing by prepaid first class mail and/or by electronic means for all Pacer system participants to the parties listed on Debtor's Mailing Matrix on this the 3rd day of March, 2011.

>*/s/ Deborah A. Bynum*
>Deborah A. Bynum

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 11-10273-hcm<br>Western District of Texas<br>Austin<br>Wed Mar  2 17:34:28 CST 2011 | Bastrop Blackhawk, LLC<br>c/o KJJO, Ltd., Manager<br>c/o Kevin J. Owens<br>209 Watersong Ln<br>Georgetown, TX 78628-6954 | LHB Real Estate, L.L.C.<br>c/o Kevin J. Owens<br>209 Watersong Ln<br>Georgetown, TX 78628-6954 |
| U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 | 3M Company<br>Jason Smith<br>3M Center 224-5N-41<br>St Paul, MN 55144-1000 | Creekridge Capital LLC<br>7808 Creekridge Circle, Ste 250<br>Edina, MN 55439-2647 |
| David C Belt<br>1201 CR 104<br>Georgetown, TX 78626-7431 | Hitachi Capital America Corp.<br>800 Connecticut Ave.<br>Norwalk, CT 06854-1738 | Hitachi Capital America Corp.<br>c/o Leslie M. Luttrell<br>Davidson & Troilo, P.C.<br>7550 West IH-10, Suite 800<br>San Antonio, TX 78229-5899 |
| Jared D. Giddens/Bryan J. Wells<br>Conner & Winters, LLP<br>1700 One Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 73102-7109 | Jay W. Hurst<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711 2548 | Joseph D. Martinec<br>Martinec, Winn, Vickers & McElroy, P.C.<br>600 Congress, Suite 500<br>Austin, TX 78701-2957 |
| Leslie M. Luttrell<br>Davidson & Troilo, P.C.<br>Northwest Center<br>7550 West IH 10, Ste 800<br>San Antonio, Texas 78229-5814 | Linda Harmon, Tax Assessor-Collector<br>Bastrop County, Texas<br>PO Box 579<br>Bastrop, TX 78602-0579 | Lone Star Emergency Associates, LLC<br>c/o Brian W. Rogers<br>Rogers Davis LLP<br>121 E. Constitution<br>Victoria, Texas 77901-8136 |
| Medrad, Inc.<br>c/o Bayer Corporation<br>Attn: Shirley Beach, Credit Dept<br>1025 N. Michigan Street<br>Elkhart, IN 46514-2215 | Office Depot<br>6600 N. Military Trail-S413G<br>Boca Raton, FL 33496-2434 | Porter Co/Mechanical Service Contractors<br>PO Box 627<br>Manchaca, TX 78652-0627 |
| Stillwater National Bank & Trust Company<br>Attention: Chris Altom<br>6301 Waterford Blvd, Ste 101<br>Oklahoma City, OK 73118-1161 | Stillwater National Bank & Trust Company<br>PO Box 1988<br>Stillwater, OK 74076-1988 | Stillwater National Bank and Trust Company<br>c/o Jared D. Giddens and Bryan J. Wells<br>Conner & Winters, LLP<br>211 N. Robinson, Suite 1700<br>Oklahoma City, OK 73102-7261 |
| TLC Staffing, LLC<br>c/o Brian W. Rogers<br>Rogers Davis LLP<br>121 E. Constitution<br>Victoria, Texas 77901-8136 | Texas Health and Human Services Commission<br>4900 North Lamar Blvd<br>Austin, Texas 78751-2316 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 |
| Victoria Emergency Associates LLC<br>c/o Brian W. Rogers<br>Rogers Davis LLP<br>121 E. Cosntitution<br>Victoria, Texas 77901-8136 | B. Weldon Ponder Jr<br>Building 3, Suite 200<br>4601 Spicewood Springs Rd<br>Austin, TX 78759-8598 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)LHB Real Estate, L.L.C.              End of Label Matrix
c/o Kevin J. Owens                      Mailable recipients    25
209 Watersong Ln                        Bypassed recipients     1
Georgetown, TX 78628-6954               Total                  26
```