UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BASTROP BLACKHAWK, LLC, | § | CASE NO. 11-10273 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

TEXAS DEPARTMENT OF STATE HEALTH SERVICES
AND TEXAS HEALTH AND HUMAN SERVICE COMMISSION'S
OBJECTION TO DEBTORS' EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS
AUTHORIZING DEBTORS IN POSSESSION TO USE CASH COLLATERAL AND TO
OBTAIN POST-PETITION FINANCING WITH STILLWATER NATIONAL BANK AND
TRUST OR, IN THE ALTERNATIVE, MOTION TO DISMISS CHAPTER 11 CASE
*Relates to Dkt. 28*

Come now the Texas Department of State Health Services ("DSHS") and the Texas Health and Human Services Commission ("HHSC"), by and through the Texas Attorney General's Office, and respectfully file this Objection to the Debtors' Expedited Motion for Interim and Final Orders Authorizing Debtors in Possession to Use Cash Collateral and to Obtain Post-Petition Financing with Stillwater National Bank and Trust (the "Financing Motion") (Motion at Dkt. 28), or in the alternative, Motion to Dismiss. In support of their Objection, or in the alternative, Motion to Dismiss, DSHS and HHSC state as follows:

1. The Debtors filed the Financing Motion seeking Interim and Final Orders on March 9, 2011. DSHS and HHSC's objection to having a Final Hearing on less than two business days notice is moot as the Court has set an expedited hearing on interim relief only for March 11, 2011 at 1:30 p.m.

2. DSHS and HHSC object to the Financing Motion on two bases– (1) it fails to provide for payment of the administrative expenses which will be incurred by the Patient Care Ombudsman

in this case and (2) it fails to provide for costs associated with the maintenance and disposal of patient records as required by applicable state law[1] or the alternative provisions of 11 U.S.C. § 351.

3. DSHS and HHSC note that the budget attached to the Financing Motion contains a line item for the anticipated administrative expenses of Debtors' counsel. However, there is no similar carve out for the anticipated administrative expenses of the Patient Care Ombudsman which the Court has ordered to be appointed in this case (Order at Dkt. 33) or the costs of maintaining/disposing of patient records as required by applicable law.[2] As Congress has made it clear that both compensation for the Patient Care Ombudsman and expenses incurred in closing a health care business should be borne as administrative expenses,[3] and as administrative expenses share equally, DSHS and HHSC contend that it would be patently unfair to Debtors' counsel to bear the risk of having to potentially disgorge fees in order to pay the other administrative expenses that will unquestionably incurred in this case.

4. As set out in the Debtors' Motion to Expedite and Stillwater National Bank's ("Bank") Motion to Shorten Exclusive Periods (Dkt. 35), the vast majority of the Debtors' assets are pledged to the Bank or to Hitachi Capital America Corp. ("Hitachi"). Accordingly, there appears

---

[1]Upon information and belief, state law would require that most of the records at issue in this case be retained for a period of at least 10 years. *See* 25 T.A.C. § 133.41(j)(8).

[2]DSHS and HHSC understand that the parties hope the facility will be sold to another hospital; however, there is no assurance that a sale will take place or that a buyer would undertake to maintain the patient records of the Debtor in accordance with applicable law. It is clear that the Section 351 of the Bankruptcy Code sets forth the minimum requirements for notice and maintenance of patient records before the can be disposed of and further, that costs incurred in complying with Section 351 are an administrative expense of the estate. 11 U.S.C. § 503(b)(8)(A).

[3]11 U.S.C. § 503(b)(2),(8); 11 U.S.C. § 330(a).

to be little or no equity available for unsecured creditors in this case and the case is being prosecuted for the benefit of the secured creditors – the Bank and Hitachi.[4]

5. DSHS and HHSC respectfully contend that if the secured creditors wish to see these cases prosecuted for their benefit, they should be required to shoulder all of the administrative expenses incurred in the case. In the event that the secured creditors are not willing to pay these expenses, and in light of the fact that the hospital ceased operation several months ago and there are no remaining patients and there is likely no realizable equity for unsecured creditors, DSHS and HHSC contend that the cases should be dismissed for cause and the secured creditors are free to foreclose on their collateral outside of bankruptcy court.

WHEREFORE, DSHS and HHSC object to the Financing Motion on the basis that it makes no provision for the administrative expenses of the Patient Care Ombudsman or the required maintenance of patient records. Alternatively, DSHS and HHSC request that the Chapter 11 cases be dismissed.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    BILL COBB
    Deputy Attorney General for Civil Litigation

    RONALD R. DEL VENTO

---

[4] The Bank recognizes as much, stating: "Because neither bankruptcy estate generates income, the financial resources available to the debtors and debtors' counsel are extremely limited, and prosecution of the reorganization efforts will, by necessity, need to be driven by the secured creditors in this case." (Dkt. 35 at para. 2).

          Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/   Hal F. Morris*
HAL F. MORRIS
Texas State Bar No. 14485410
ASHLEY FLYNN BARTRAM
Texas State Bar No. 24045883
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 482-8341
E-mail: *hal.morris@oag.state.tx.us*
     *ashley.bartram@oag.state.tx.us*

ATTORNEYS FOR THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES AND TEXAS HEALTH AND HUMAN SERVICES COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2011 a true and correct copy of the forgoing Objection was served by all parties requesting notice in this case by the Court's Electronic Filing System and by e-mail on the following parties.

B. Weldon Ponder, Jr., Debtors' counsel   welpon@austinrr.com
Deborah Bynum, Office of the United States Trustee   Deborah.A.Bynum@usdoj.gov
Jared Giddens, counsel for Stillwater National Bank   jgiddens@cwlaw.com
Bryan Wells, counsel for Stillwater National Bank   bwells@cwlaw.com
Leslie M. Luttrell, counsel for Hitachi Capital America Corp. lluttrell@davidsontroilo.com
Jay Hurst, Assistant Attorney General, counsel for Texas Comptroller of Public Accounts
    jay.hurst@oag.state.tx.us

*/s/   Hal  F. Morris*
HAL F. MORRIS
Assistant Attorney General