UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BASTROP BLACKHAWK, LLC, | § | CASE NO. 11-10273 |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

## MOTION TO DISMISS CASE

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD**

Come now the Texas Health and Human Services Commission ("HHSC") and the Texas Department of State Health Services ("DSHS"), by and through the Texas Attorney General's Office and respectfully file this Motion to Dismiss the case pursuant to 11 U.S.C. § 1112(b).[1] In support of their motion, HHSC and DSHS state as follows:

1. The Debtor-in-Possession ("Debtor") is a closed hospital, which ceased operations pre-petition on approximately November 19, 2010. The Debtor has not treated patients since that time.

2. Upon information and belief, the Debtor has approximately 42,000 patient medical

---

[1] Counsel for HHSC and DSHS advised the Court that his clients would be filing a Motion to Dismiss the case during the March 31, 2011 hearing on cash collateral and requested that this Motion be heard on the April 27, 2011 at 10:00 a.m., contemporaneously with the Final Hearing on Cash Collateral. HHSC and DSHS incorporate by reference the arguments of counsel on the record at the March 31, 2011 hearing.

records. Upon further information and belief, state law requires that most of these records be maintained for a period of ten (10) years.[2]

3. As set forth in prior pleadings and hearings, all of the Debtor's assets are pledged to Stillwater National Bank ("Bank") and/or Hitachi Capital America Corp.("Hitachi") (together, the "secured creditors"). The Debtor does not have unencumbered assets sufficient to maintain, and ultimately dispose of, the patient medical records in accordance with applicable state law or the alternative provisions of 11 U.S.C. § 351.[3] HHSC and DSHS assert that there is no possibility that this Debtor will confirm a Plan of Reorganization, as it will not be able to pay its administrative expenses in cash, in full, on the effective date as required by 11 U.S.C. § 1129(a)(9)(A).

4. To date, the secured creditors have been unwilling to commit funding to the disposition of patient medical records or concede that Section 351 applies. As there is no equity available for unsecured creditors in this case,[4] it is apparent that the case is being prosecuted for the sole benefit of the secured creditors.[5]

---

[2]*See* 25 T.A.C. § 133.41(j)(6), (8) and (9).

[3]It is clear that the Section 351 of the Bankruptcy Code sets forth the minimum requirements for notice and maintenance of patient records before the can be disposed of and further, that costs incurred in complying with Section 351 are an administrative expense of the estate. 11 U.S.C. § 503(b)(8)(A).

[4]As of the petition date, the Debtor owed the Bank approximately $2,920,000.00 (and the related debtor, LHB Real Estate, L.L.C., owed the Bank approximately $8,464,000.00- it is unclear the extent to which the debt is cross-collateralized and what guarantys exist) and the Debtor owed Hitachi approximately $3,600,000.00.

[5]HHSC and DSHS understand that the parties hope the facility will be sold to another hospital; however, there is no assurance that a sale will take place or that a buyer would undertake to maintain the patient records of the Debtor in accordance with applicable law. Accordingly, HHSC and DSHS respectfully contend that the secured creditors should be required to escrow sufficient funds to provide for the disposition of the patient medical records in accordance with applicable state law or the alternative provisions of Section 351. If, as part of a sale, the purchaser agrees to lawfully maintain the records, or if the parties are able to find another entity willing to take responsibility for the lawful disposition of the records, the escrow could obviously be returned to the secured creditors.

5. It seems apparent, given that the they have not sought relief from stay to foreclose upon their collateral, that the secured creditors wish for the case to proceed in bankruptcy court. However, HHSC and DSHS respectfully contend that if the case is to remain in bankruptcy solely for the benefit of the secured creditors, they need to shoulder the administrative expenses attendant to the case. If they are unwilling to do so, the case should be dismissed.

6. Section 1112(b) provides that a Chapter 11 case may be dismissed "for cause" upon request of a party in interest. 11 U.S.C. § 1112(b). The Fifth Circuit has found that a lack of good faith in filing a bankruptcy petition constitutes "cause" to dismiss a case. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072-73 (5th Cir. 1986). Further, a petition should be dismissed if the purposes of bankruptcy will not be fulfilled. *In re Lots By Murphy, Inc.*, 430 B.R. 431 (Bankr. S.D. Tex. 2010).

7. In *In re Little Creek*, the Fifth Circuit reasoned that a determination of whether a filing was in good faith "depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives and the local financial realities." *In re Little Creek*, 779 F.2d at 1072. Further, the Court set forth a non-exclusive list of factors which courts should consider in determining whether a given filing is in bad faith. *Id*. at 1072-73. Included among these factors are: that the secured creditors' liens encumber the property; that there are no employees, except for the principals; that there is little or no cash flow; and that there are no available sources of income to sustain a plan of reorganization. *Id*.

8. In *In re Lots By Murphy*, the Bankruptcy Court for the Southern District of Texas held (albeit in the context of a Chapter 7 proceeding) that when the purposes of the bankruptcy system cannot be achieved, a case should be dismissed. *In re Lots By Murphy*, 430 B.R. at 436. "[T]he twin pillars of bankruptcy are: (1) the discharge of the debtor in order to obtain a 'fresh start' and (2) the

3

satisfaction of valid claims against the estate." *Id*. "The key is that at least some portion of claims, however small, be paid through liquidation of assets." *Id*.

9. In the instant case, HHSC and DSHS contend that an evaluation of the Debtor's financial condition warrants dismissal of the case as being in the best interests of the creditors. As set out above, there is no equity for unsecured creditors in this case, the Debtor has no employees, there is little cash flow, and there is no possibility that this Debtor can confirm a plan of reorganization in light of the known administrative expenses. Leaving the case in bankruptcy serves no legitimate purpose and prejudices parties including HHSC and DSHS.

WHEREFORE, HHSC and DSHS respectfully request that the Court dismiss the case for cause pursuant to 11 U.S.C. § 1112(b). HHSC and DSHS contend that conversion of the case is not in the interest of creditors because, as in the Chapter 11, there is no ability to pay unsecured claims through a liquidation of assets, and because a Chapter 7 Trustee would similarly have no way to pay for the disposition of patient medical records in accordance with applicable law.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    BILL COBB
    Deputy Attorney General for Civil Litigation

    RONALD R. DEL VENTO
    Assistant Attorney General
    Chief, Bankruptcy & Collections Division

    */s/ Hal F. Morris*
    HAL F. MORRIS
    Texas State Bar No. 14485410

ASHLEY FLYNN BARTRAM
Texas State Bar No. 24045883
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 482-8341
E-mail: *hal.morris@oag.state.tx.us*
*ashley.bartram@oag.state.tx.us*

ATTORNEYS FOR THE TEXAS DEPARTMENT OF STATE HEALTH SERVICES AND TEXAS HEALTH AND HUMAN SERVICES COMMISSION

CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2011 a true and correct copy of the forgoing Objection was served by all parties requesting notice in this case by the Court's Electronic Filing System and by e-mail on the following parties.

B. Weldon Ponder, Jr., Debtors' counsel  welpon@austinrr.com
Deborah Bynum, Office of the United States Trustee  Deborah.A.Bynum@usdoj.gov
Jared Giddens, counsel for Stillwater National Bank  jgiddens@cwlaw.com
Bryan Wells, counsel for Stillwater National Bank  bwells@cwlaw.com
Leslie M. Luttrell, counsel for Hitachi Capital America Corp.  lluttrell@davidsontroilo.com
Carol Jendrzey, Patient Care Ombudsman  cjendrzey@coxsmith.com

/s/   Hal  F. Morris
HAL F. MORRIS
Assistant Attorney General