## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| *In re*: <br><br> BASTROP BLACKHAWK, LLC, f/d/b/a Lakeside Hospital at Bastrop, Lakeside Family Health Center of Bastrop, Lakeside Regional Medical Center and Lakeside Medical Center, *Debtor* <br><br> *In re*: <br><br> LHB REAL ESTATE, L.L.C, <br><br> *Debtor* <br><br> _____ <br><br> BASTROP BLACKHAWK, LLC, f/d/b/a Lakeside Hospital at Bastrop and Lakeside MRI & Imaging Center, and LHB REAL ESTATE, L.L.C. <br><br> Plaintiffs, <br><br> vs. <br><br> PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, BLACKHAWK HEALTHCARE LLC f/d/b/a Richards Memorial Hospital, a Texas limited liability company, ROCKDALE BLACKHAWK LLC f/d/b/a Little River Medical Center, Little River Healthcare System, Richards Memorial Hospital, Little River Medical Clinic – Rockdale, Little River Medical Clinic – Hearne, Richards Medical Clinic and Blackhawk Reimbursement Management,, BLACKHAWK REIMBURSEMENT MANAGEMENT, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No. 11-10273-hcm <br> (Chapter 11) <br><br><br> Case No. 11-10282-hcm <br> (Chapter 11) <br><br> <u>Jointly Administered Under</u> <br> <u>Case No. 11-10273</u> <br><br><br><br><br><br> Adversary No. _____ |

| | |
|---|---|
| Inc., a Texas corporation, ROCKDALE HOSPITAL DISTRICT , BLACKHAWK MANGUM, LLC, an Oklahoma limited liability company, HITACHI CAPITAL AMERICA CORP., a Delaware corporation, OCE FINANCIAL SERVICES, Inc. a Delaware corporation, AND STILLWATER NATIONAL BANK AND TRUST COMPANY, a national banking association,<br><br>                Defendants. | § § § § § § § § § § § § § |

## COMPLAINT FOR DECLARATORY JUDGMENT

Bastrop Blackhawk, LLC f/d/b/a Lakeside Hospital at Bastrop and LHB Real Estate, L.L.C. file their adversary complaint for declaratory judgment to determine the proper parties to receive insurance benefits from Philadelphia Indemnity Insurance Company in connection with losses to property of the estates.

## JURISDICTION AND VENUE

1. This is a core proceeding and the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(B) and (O).

2. Venue is proper pursuant to 28 U.S.C. § 1409(a).

3. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, involving the construction and application of a policy of insurance issued by Defendant, Philadelphia Indemnity Insurance Company.

## PARTIES

4. Bastrop Blackhawk, LLC ("Bastrop Blackhawk") is a debtor in the above-styled substantively consolidated bankruptcy cases.

5. LHB Real Estate, L.L.C., ("LHBRE") is a debtor in the above-styled substantively consolidated bankruptcy cases.

6. Blackhawk Healthcare LLC, f/d/b/a Richards Memorial Hospital ("Blackhawk Healthcare") is a Texas limited liability company, and can be served with process through its registered agent, Van Zandt Blackhawk, LLC, 6500 River Place Blvd Bldg 1 Ste 350, Austin, TX 78730-1123.

7. Rockdale Blackhawk LLC f'/d/b/a (i) Richards Memorial Hospital, (ii) Richards Medical Clinic, (iii) Little River Healthcare System, (iv) Little River Medical Center, (v) Little River Medical Clinic – Rockdale, (vi) Little River Medical Clinic – Hearne, and (vii) Blackhawk Reimbursement Management ("Rockdale"), is a Texas limited liability company, and can be served with process through its registered agent, Kevin Owens, 1700 Brazos Ave., Rockdale, Texas 76567.

8. Rockdale Hospital District is a governmental entity.

9. Blackhawk Mangum, LLC is a foreign limited liability company organized an existing under the laws of the State of Oklahoma, and can be served with process through its registered agent, ISL, Inc. 613 SW 112th St., Oklahoma City, Oklahoma 73170.

10. Blackhawk Reimbursement Management LLC is a Texas limited liability company, which can be served through its registered agent, Mathew Q. Hainline, 6836 Bee Caves Road, Suite 202, Austin, TX 78746.

11. Philadelphia Indemnity Insurance Company ("Philadelphia") is a foreign corporation organized and existing under the laws of the State of Pennsylvania, doing business in the State of Texas, and has agreed to accept service through its counsel, William R. Pilat, Kane Russell Coleman & Logan P.C., 919 Milam Street, Suite 2200, Houston, Texas 77002.

12. Stillwater National Bank and Trust Company ("SNB") is a national banking association that maintains offices and does business in Texas and has agreed to accept service through its counsel, Jared D. Giddens, Conner & Winters, LLP. SNB is secured creditor of both Bastrop Blackhawk and LHRBE.

13. Defendant Hitachi Capital America Corp. ("Hitachi") is a Delaware corporation, which has agreed to accept service through its counsel, Leslie Luttrell and Lea Ream of the firm, Davidson & Troilo, a Professional Corporation. Hitachi is a secured creditor of Bastrop Blackhawk.

14. Defendant, OCE Financial Services, Inc. ("OCE") is a foreign corporation organized and existing under the laws of the State of Delaware, doing business in the State of Texas and can be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

## GENERAL

15. LHBRE owns the real property located at 3201 Highway 71 East Bastrop, TX 78602, having a legal description of:

> Lot 1, Phase 1, Amended Plat of LAKESIDE, PHASE 1 & 2, a subdivision in Bastrop County, Texas, according to the map or plat thereof, recorded in Plat Cabinet No. 4, Page 177B, Plat Records of Bastrop County, Texas together with all improvements thereto..

(the "Real Property").

16. LHBRE leased the Real Property to Bastrop Blackhawk for use as a hospital under that certain Lease Agreement having LHBRE as landlord and Bastrop Blackhawk as tenant, dated effective June 30, 2009 (the "Hospital Lease").

17. On or about March 18, 2010, Philadelphia issued a policy of commercial property insurance under policy number PHPK544730 (the "Policy") to Bastrop Blackhawk and others. A true and correct copy of the Policy is attached as Exhibit "A" hereto.

18. The Policy insures the Real Property, defining it as Premises No. 0006, Building No. 0001. *See* Ex. A, Locations Schedule p. 1 of 1.

19. The Policy also insures Business Personal Property located at the Real Property (the "Personal Property").

20. On February 7 and 8, 2011, the Real Property and some of the Personal Property sustained water damage.

21. Bastrop Blackhawk submitted a claim under the Policy, which was designated by Philadelphia as Claim No. 528638.

22. Philadelphia has determined that benefits are payable under the Policy for damage to the Real Property (the "Real Property Benefits").

23. Philadelphia is still adjusting the claim for damage to the Personal Property (the "Personal Property Benefits").

24. The Policy, as it relates to the Real and Personal Property, and the Real and Personal Property Benefits are the property of the Bastrop Blackhawk bankruptcy estate (the "Estate"). 11 U.S.C. § 541(a)(1) and (a)(6).

## COUNT ONE – DECLARATORY JUDGMENT
## AS TO REAL PROPERTY BENEFITS

25. Because Bastrop Blackhawk is a Named Insured and because it covers property of the Estate, the Policy is, at least in part, property of the Estate and benefits payable under the Policy are also property of the Estate. 11 U.S.C. § 541(a)(1) & (a)(6).

26. Under the Policy, the only Named Insured with an insurable interest in the Real Property was Bastrop Blackhawk.

27. None of the other named insureds, Blackhawk Healthcare, Rockdale Blackhawk, Blackhawk Mangum, Blackhawk Reimbursement or Rockdale Hospital, had an insurable interest in the Real Property.

28. Defendants Hitachi and OCE are not identified as Loss Payees as to the Real Property.

29. The Real Property Benefits constitute the collateral of SNB as secured creditor of Bastrop Blackhawk as a result of certain lending agreements entered into with Bastrop Blackhawk, effective on June 30, 2009, which include, among other things that certain Leasehold Deed of Trust, Assignment of Leasehold Rents and Security Agreement (the "Leasehold Deed of Trust") (granting SNB a lien covering Bastrop Blackhawk's interest in the Real Property under the Hospital Lease).

30. Under ¶5.2 of the Leasehold Deed of Trust, SNB is entitled, among other things, to settle and adjust any claim, to collect proceeds and to issue receipts.

31. LHBRE may also claim some interest in the Real Property Benefits as landlord under the Hospital Lease. Under ¶11.2.1 of the Hospital Lease, in the event of destruction or damage by casualty where Tenant is obligated or determines to repair, replace, restore, or reconstruct the Real Property, all property damage insurance proceeds are to be deposited with SNB.

32. Real Property Benefits payable to LHBRE also constitute the collateral of SNB as secured creditor of LHBRE pursuant to certain lending arrangements entered into with LHBRE, effective June 30, 2009, which include, among other things, that certain Deed of Trust, Assignment of Rents and Security Agreement (the "Deed of Trust").

33. Under ¶5.2 of the Deed of Trust, SNB is entitled, among other things, to settle and adjust any claim, to collect proceeds and to issue receipts.

34. The interests of both Bastrop Blackhawk and LHBRE, if any, as they relate to the Policy are being offered for sale pursuant to 11 U.S.C. § 363(k), pursuant to a Motion for Authority to Sell Property of the Estates Free and Clear of Liens, Claims, and Encumbrances and to Assume and Assign Executory Contracts filed June 7, 2011, pursuant to that certain Order Approving Bid Procedures entered June 3, 2011. Bastrop Blackhawk's interest in the Policy and its benefits is offered as part of Lot Two. LHBRE's interest in the Policy and its benefits, if any, is offered as part of Lot One.

35. Philadelphia can perform its obligation under the Policy with respect to the Real Property Benefits by paying such benefits to SNB or, upon approval of a sale of Lot One and Lot Two, to the purchaser as determined by order of the Bankruptcy Court.

### COUNT TWO – DECLARATORY JUDGMENT AS TO PERSONAL PROPERTY BENEFITS

36. Because Bastrop Blackhawk is a Named Insured and because it covers property of the Estate, the Policy is, at least in part, property of the Estate and benefits payable under the Policy are also property of the Estate. 11 U.S.C. § 541(a)(1) & (a)(6).

37. Under the Policy, the only Named Insured with an insurable interest in the Personal Property was Bastrop Blackhawk.

38. None of the other named insureds, Blackhawk Healthcare, Rockdale Blackhawk, Blackhawk Mangum, Blackhawk Reimbursement or Rockdale Hospital, had an insurable interest in the Personal Property.

39. OCE is identified as a Loss Payee on Personal Property Benefits. *See* Ex. "A", Loss Payee Schedule p.3 of 4.

40. Hitachi is a secured creditor of Bastrop Blackhawk because on or about August 31, 2005, Lakeside Hospital at Bastrop, Ltd. ("Lakeside"), through Dr. Joseph Emmert, a Managing Member, executed that certain Master Loan and Security Agreement No. 18948 ("MLSA"), that certain Priority Payment Agreement ("PPA") and the Rider to Master Loan and Security Agreement – Assignments and Rider to Master Loan and Security Agreement – Prepayment ("Rider").

Subsequent to the execution of the MLSA, PPA and Rider, Lakeside, through Dr. Emmert, executed the following Schedules of Indebtedness and Collateral:

A. Schedule No. 001 executed effective April 27, 2006 representing principal in the amount of $1,651,363.04 for the purchase of surgical imaging, medical and other equipment as specified therein;

B. Schedule No. 002 executed April 27, 2006 representing principal in the amount of $1,554,410.42 for the purchase of surgical imaging, medical and other equipment as specified therein;

    C.    Schedule No. 003 executed effective May 17, 2006 representing principal in the amount of $141,325.33 for the purchase of surgical imaging, medical and other equipment as specified therein; and,

    D.    Schedule No. 004 executed effective May 18, 2006 representing principal in the amount of $776,284.11 for the purchase of surgical imaging, medical and other equipment as specified therein.

thus Hitachi's liens attach to Bastrop Blackhawk's interest in the Personal Property.

    41.    The Personal Property Benefits also constitute the collateral of SNB as secured creditor of Bastrop Blackhawk as a result of certain lending agreements entered into with Bastrop Blackhawk, effective on June 30, 2009, which include, among other things that certain Security Agreement (the "Security Agreement") (granting SNB a lien covering Bastrop Blackhawk's interest in the Personal Property).

    42.    The interests of Bastrop Blackhawk as they relate to the Personal Property Benefits, excluding Personal Property Benefits payable to Hitachi, are being offered for sale pursuant to 11 U.S.C. § 363(k), pursuant to a Motion for Authority to Sell Property of the Estates Free and Clear of Liens, Claims, and Encumbrances and to Assume and Assign Executory Contracts filed June 7, 2011, pursuant to that certain Order Approving Bid Procedures entered June 3, 2011. Bastrop Blackhawk's interest in the Personal Property Benefits is offered as part of Lot Two.

    43.    Philadelphia can perform its obligation under the Policy with respect to the Personal Property Benefits by paying such Personal Property Benefits related to the Hitachi Equipment to Hitachi and paying the remainder of the Personal Property Benefits to SNB or to the purchaser as determined by order of the Bankruptcy Court.

## **PRAYER**

WHEREFORE, Plaintiffs, Bastrop Blackhawk and LHBRE pray that this Court enter an Order and Judgment as follows:

A. Declaring that Philadelphia can perform its obligation under the Policy with respect to the Real Property Benefits by paying such benefits to SNB or, upon approval of a sale of Lot One and Lot Two, to the purchaser as determined by order of the Bankruptcy Court; and

B. Declaring the Philadelphia can perform its obligation under the Policy with respect to the Personal Property Benefits by paying the Personal Property Benefits related to the Hitachi Equipment to Hitachi and by paying the remaining Personal Property Benefits to SNB or to the purchaser as determined by the order of the Bankruptcy Court.

C. Finding that Hitachi's interest in the policy and the proceeds therefrom concerning damage to Personal Property is superior to the interest of other parties; and

D. Directing Philadelphia to pay over all benefits owed under the policy for damage to the Insured Personal Property to Hitachi.

    /s/ Weldon Ponder
B. WELDON PONDER, JR., Attorney at Law
State Bar of Texas No. 16110400
9442 Capital of Texas Highway North
Arboretum Plaza One, Suite 500
Austin, Texas 78759
Phone (512) 342-8222 / Fax (512) 342-8444
Email address: welpon@austin.rr.com

ATTORNEY FOR DEBTOR IN POSSESSION,
LHB REAL ESTATE, L.L.C., AND FOR DEBTOR IN
POSSESSION BASTROP BLACKHAWK, LLC